# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

--------

Argued February 7, 2005     Decided  February 18, 2005
                            Reissued March 3, 2005

No. 03-1376

NATIONAL SCIENCE AND TECHNOLOGY NETWORK, INC.,
APPELLANT

v.

FEDERAL COMMUNICATIONS COMMISSION,
APPELLEE

MOBILE RELAY ASSOCIATES,
INTERVENOR

--------

Appeal of an Order of the
Federal Communications Commission

--------

*Kenneth E. Hardman* argued the cause for appellant.  On the briefs was *Alan M. Lurya*.

*Pamela L. Smith*, Counsel, Federal Communications Commission, argued the cause for appellee.  With her on the brief were *John A. Rogovin*, General Counsel, and *Daniel M. Armstrong*, Associate General Counsel.

*David J. Kaufman* was on the brief for intervenor.

Before: GINSBURG, *Chief Judge*, and HENDERSON and

RANDOLPH, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*:  Appellant National Science and Technology Network, Inc. ("NSTN") applied for nine private land mobile radio licenses, which the Federal Communications Commission granted in the spring of 2000.  Mobile Relay Associates ("MRA"), an intervenor in the proceedings before this court, challenged these licenses shortly after they issued.  On October 19, 2001, more than eighteen months after NSTN initially received its licenses, the Commission's Public Safety and Critical Infrastructure Division ruled on MRA's petition.  The Division found that six of the nine licenses had been based upon "defective" applications and set them aside; the remaining three licenses had lapsed automatically due to NSTN's failure to construct the authorized stations within twelve months of license approval.  *In the Matter of Licenses of Nat'l Sci. & Tech. Network, Inc.*, 16 F.C.C.R. 18,719 (2001).  The Commission found on review that all nine licenses had lapsed due to nonconstruction, and consequently dismissed as moot NSTN's application for review.  18 F.C.C.R. 19,870 (2003).  NSTN now appeals from the Commission's order.

The Commission's regulations are clear.  Once a license is approved, systems must be "placed in operation within twelve (12) months from the date of the grant or the authorization *cancels automatically* and must be returned to the Commission."  47 C.F.R. § 90.155(a) (emphasis added).  A licensee may apply for an extension of this one-year deadline, but such requests "must be filed prior to the expiration of the construction period."  § 90.155(g).  NSTN admits that it neither completed construction within twelve months, nor requested an extension during this period.

NSTN offers two arguments to excuse its inaction. First, NSTN asserts that it was unable to begin construction because the required equipment was not commercially available, and that the Commission therefore should have, *sua sponte*, exempted NSTN and all similarly-situated applicants from the one-year construction requirement. This amounts to an argument that the Commission's rules should be different. There are formal avenues for the pursuit of such changes, *e.g.*, 47 C.F.R. § 1.401 (governing petitions for Commission rulemaking), but these procedures notwithstanding, NSTN must comply with the rules as they are, and not the rules as it believes they should be.

NSTN's other excuse is that it did not apply for an extension because the Commission clearly would have denied any such application. Failure to pursue administrative remedies will be excused for futility only upon a showing that an adverse decision was a certainty. *Communication Workers of Am. v. Am. Tel. & Tel. Co.*, 40 F.3d 426, 433 (D.C. Cir. 1994). Far from meeting this demanding standard, NSTN offers up no reasonable basis for its belief. The single case cited by NSTN, *In the Matter of Request for Extension of Time to Construct an Industrial/Business Radio Service Trunked Station*, 18 F.C.C.R. 22,055 (2003), is a nonbinding staff decision issued on October 23, 2003 -- more than two years after NSTN's licenses expired. In 2000 and 2001, as the clock was ticking on the construction deadline, there was nothing even to suggest that petitioning for an extension would be futile. NSTN simply ignored a clear procedural requirement, and it has offered no valid excuse. As the saying goes, "rules is rules." The Commission's order is affirmed.

*So ordered.*